Pearson, J.
 

 “ What constitutes fraud is a question of law. In some cases, the fraud is itself evident, when it is the province of the Court so to adjudge, and the jury has nothing to do with it. In other cases it depends upon a variety of circumstances, arising from the motive and intent. Then, it must be left, as an open question of fact, to the jury, with instructions as to Avliat in law constitutes fraud. And in other cases there is a presumption of fraud which may be rebutted. Then, if there is any evidence tending to rebut it, that must bo submitted to the jury. But if there is no such evidence, it is the duty of the Court so to adjudge, and to act upon the presumption.”
 
 Hardy
 
 v.
 
 Simpson,
 
 13 Ire. 132.
 

 In our case the substance of the charge was, that the evidence raised a presumption of fraud; that there was no evidence to rebut the presumption; and it was the duty of the jury to find for the defendant, if they believed the evidence.
 

 The fact that a father, finding himself overwhelmed with debts, conveys to his son negroes and other property worth $6000, in consideration that the son will undertake to pay debts amounting to $4000 only, of itself raised a presumption of fraud ] for it is neither more nor less than a fraudulent gift, by an insolvent father to his son, of $2000, at the expense of his creditors; to say nothing of the other facts, that the son was only twenty-one or two years of age; had no property of his own; the debts were reduced to $2,700 before the name of the son was substituted for that of the father on the notes in Bank, and that the negro in controversy, and other property which had been conveyed by the father to the son, was still in hand, after the Bank debt was discharged. As there -was no evidence to rebut this presumption, it was the duty of the Judge to instruct the jury that, if they believed the evidence,
 
 *339
 
 the conveyance was -fraudulent and Aoid as against creditors. So, in
 
 McCorkle
 
 v. Hammond, 2 Jones’ Rep. 444, the fact that a father, being about to fail, conveyed a stock of goods to a son, who was under age, in consideration of his son’s notes for a sum which Avas a fair price for the g’oods, Avas held to amount to fraud; the fact that the father had included the son’s notes in an assignment, which he soon thereafter executed in favor of certain of his creditors, being no evidence to rebut this presumption, inasmuch as the son could not be compelled, either in Law or Equity, to pay the notes.
 

 These cases all range themselves under the same head, that is, whore there is a presumption of fraud and no evidence to rebut it.
 
 Lee
 
 v.
 
 Flannigan,
 
 7 Ire. Rep. 741;
 
 Young
 
 v.
 
 Booe,
 
 11 Ire. Rep. 347, are instances of another class, where the presumption of fraud is rebutted by evidence explaining the circumstances, and showing that there was no fraud.
 

 The second charge of his Honor superseded what he had said in his former charge by taking higher ground against the defendant; and as Ave sustain him in that, of course it is not necessary to notice his former charge ; and the fact that it Avas liable to exception, as being too vague, and as assuming that the son Avas under the. age of twenty-one, which was contrary to the evidence, can make no sort of difference.
 

 Per Curiam.
 

 Judgment affirmed.