DANIEL BOONE COMPLEX, INC., A North Carolina Corporation, CAMILCO, INC., a Virginia Corporation, CLARENCE A. McGILLEN, JR., and LINDA S. BROYHILL McGILLEN v. MITCHELL FURST, Individually, MITCHELL FURST, Trustee and MATTHEW MEZZANOTTE

---

MITCHELL FURST, Trustee, Plaintiff v. CAMILCO, INC., and CLARENCE A. McGILLEN, JR., Defendants

---

CAMILCO, INC., Plaintiff v. MITCHELL FURST, Trustee, MITCHELL FURST, Individually, MATTHEW N. MEZZANOTTE and wife, GENEVIEVE D. MEZZANOTTE

No. 8115SC863

(Filed 18 May 1982)

1. Trial § 3.1— denial of motion for continuance—no abuse of discretion

Plaintiffs failed to show abuse in discretion in the denial of their motion for continuance where plaintiffs' new counsel gave no indication of a lack of familiarity with or understanding of the issues in the case, and where the trial judge made it clear that if plaintiffs needed extra time to obtain a witness's presence in court, he would accommodate them.

2. Fraud § 12— loan and mortgage with unidentified party—sufficiency of evidence of inducement by misrepresentations

The evidence amply supported the trial court's failure to find that an usurious loan to a corporation was induced by the lender's agent's misrepresentations concerning undisclosed principals in the main transaction where there was testimony from the lenders and their agents that plaintiffs were having difficulty raising the required cash to close the sale of property; that plaintiffs had approached one of the lenders individually to inquire of him as to loan sources; that plaintiffs were so anxious to obtain a loan through the agent of the lenders that they agreed to obligate themselves to pay an interest rate of 100%, agreed to put up additional collateral besides the property in question, and agreed to execute the loan papers in Virginia so as to avoid the usury laws of North Carolina.

APPEAL from *McKinnon, Judge,* by those parties who were plaintiffs in cases 74CVS882 and 75CVS561 and who were defendants in case 74CVS889. Judgment entered 4 February 1981 in Superior Court, ORANGE County. Heard in the Court of Appeals 2 April 1982.

These cases are before us for the second time, following remand by this Court in these cases in an opinion reported at 43 N.C. App. 95, 258 S.E. 2d 379 (1979), where the underlying facts

are adequately summarized. We deem it unnecessary to repeat that factual summary in this opinion.

On remand, Judge McKinnon, sitting without a jury, heard evidence from all parties except Furst, who died prior to the second trial. By stipulation of the parties, however, Judge McKinnon also considered the record of the evidence received at the first trial of these cases as well as the record of evidence adduced in the jury trial of *Furst et al. v. Loftin et al.*, 74CVS1135.

After hearing the evidence at the second trial, Judge McKinnon entered a judgment containing findings of fact and conclusions of law adverse to the plaintiffs. The dispositive portions of the judgment were as follows:

> 5. *That Plaintiffs (Camilco, Inc., Clarence A. McGillen and Linda S. Broyhill McGillen as well as Daniel Boone Complex, Inc., in 74-CVS-882) have not satisfied the Court, as trier of the facts, by the greater weight of the evidence that Camilco, Inc., acting by and through Clarence A. McGillen and Linda S. Broyhill McGillen and their attorney, Gant Redmon, would not have accepted the Furst, Trustee—Camilco, Inc. loan and would not have caused the Furst, Trustee—Camilco, Inc. loan documents to be executed if the identity of Matthew N. Mezzanotte and Genevieve D. Mezzanotte as the principals making the subject loan had been disclosed.*

> Based upon the original FINDINGS OF FACT and ULTIMATE FINDINGS OF FACT set forth in the Judgment of this Court entered under date of December 14, 1977 as well as the additional FINDINGS OF FACT made by the Court heretofore at the request of Plaintiffs herein as well as the foregoing additional FINDINGS OF FACT made by the Court upon the trial of these actions on remand, the Court makes the following ultimate FINDING OF FACT and CONCLUSION OF LAW:

> > *That the identity of Matthew N. Mezzanotte and Genevieve D. Mezzanotte as lenders was not essential to Camilco, Inc.'s entering into the subject Furst, Trustee—Camilco, Inc. loan agreement and executing the various loan documents which were executed incident thereto.*

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs (nor any one or more of them) shall not have and recover anything of Defendants (nor any one or more of them), and *that the actions of Plaintiffs to the extent that same have not been adjudicated heretofore be and the same as herewith dismissed with prejudice, and that the costs of these actions for trial on remand be taxed to Plaintiffs.* (Emphasis added.)

From the judgment entered against them, plaintiffs have appealed.

*Charles Darsie and Robert E. Cooper, for plaintiff-appellants.*

*Newsom, Graham, Hedrick, Murray, Bryson & Kennon, by Josiah S. Murray, III, for defendant-appellees.*

WELLS, Judge.

[1] In their first assignment of error, plaintiffs contend the trial court erred in denying their motion to continue the case when it was called for the second trial. Defendant strongly resisted the motion when it was made to the trial court. G.S. 1A-1, Rule 40(b) of the Rules of Civil Procedure provides that continuances "may be granted only for good cause shown. . . ". Upon a motion for continuance, which is addressed to the sound discretion of the trial judge, the burden is on the moving party to show the "good cause" required under the Rule. *Shankle v. Shankle*, 289 N.C. 473, 223 S.E. 2d 380 (1976). The duty of the trial judge is to determine the motion as the rights of the parties require under the circumstances. *Shankle*, supra. The two grounds for continuance argued to the trial court were: (1) insufficient time for plaintiffs' counsel, Mr. Darsie, to prepare for trial of the case; and (2) plaintiffs' difficulties in obtaining the presence of a witness, Gant Redmon. It is not clear from the transcript of plaintiffs' argument to the trial court as to how much time plaintiffs' counsel might require for further trial preparation, but Mr. Darsie's remarks could be construed as asking the court for only two or three additional days. The record does disclose that by the time the case was called for trial, Mr. Darsie had been involved in the case for several weeks, and Mr. Cooper, plaintiffs' other counsel, had been involved in the litigation since its inception 7 years before, and

was present in court for the call of the case. Before ruling on the motion, Judge McKinnon reviewed these circumstances and reviewed with counsel their contentions as to the issues to be tried on remand. At this juncture, Mr. Darsie gave no indication of a lack of familiarity with or understanding of the issues in the case. Conversely, it was Mr. Darsie who argued as to the problems associated with the availability of the witness Redmon, which would permit the trial court to infer that Mr. Darsie was familiar with defendant's trial plans. Under these circumstances, we find that the trial court was clearly justified in finding no good cause in this aspect of defendant's motion.

The second ground for continuance argued to the trial court was that the requested delay was for only a day or two, so that Mr. Redmon might be rescheduled. In denying the motion, Judge McKinnon made it clear that if plaintiffs needed extra time in which to obtain Mr. Redmon's presence in court, he would accommodate them. The record does not show that Redmon was ever called at the second trial. This aspect of plaintiffs' argument on this assignment is clearly without merit. This assignment is overruled.[1]

[2] In their next assignment of error, plaintiffs contend that the trial court erred in failing to find that the usurious loan to plaintiff Camilco was induced by Mitchell Furst's misrepresentations, which were directed, authorized, and ratified by the Mezzanottes. To establish the appropriate framework for our disposition of this question, it is necessary to refer to the previous opinion of this Court in these cases, where we reversed the original judgment of the trial court *on the question of fraud.* We quote in pertinent part from Judge Erwin's opinion in 43 N.C. App., supra, at 103, 104, and 105:

> The trial court found in its findings of fact that Furst had intentionally misrepresented the identity of his undisclosed principals, the Mezzanottes. In doing so, the trial court

---

1. In their brief, plaintiffs contend that the intervening death of Mr. Furst and the apparent absence of a personal representative for Furst's estate was a circumstance requiring a continuance. We note that the discussion as to Furst was merely incidental to the motion for continuance; there had been no motion by plaintiffs to substitute his personal representative; and there was no such motion presented at trial.

focused on the Mezzanottes' reasons for not having their identity revealed; however, the court's crucial inquiry, as trier of fact, should have focused on what significance Furst's misrepresentation of the identity had on Camilco's execution of the Furst-Camilco loan.

[I]n the instant case, Camilco has presented evidence indicating that it would not have dealt with the Mezzanottes for various reasons. We hold that the trial court erred in not making any determination of fact on the existence of this requisite element of fraud.

[S]hould the court determine that the identity of the undisclosed lenders, the Mezzanottes, was essential to Camilco's execution of the loan and mortgage agreements, Camilco would be able to meet the requisite damage element of fraud. The execution of the loan and mortgage agreement with a party with whom it did not wish to deal would be sufficient injury.

[S]hould the trial court determine that Furst's fraudulent misrepresentation of the identity of his undisclosed principals induced Camilco to execute the loan and mortgage agreements, then Camilco would be entitled to recover any damages shown to result therefrom.

It is clear that on remand, Judge McKinnon's findings adverse to plaintiffs, properly focused on the factual issues outlined by our previous opinion. If supported by any competent evidence as to plaintiffs' reliance on the representation that the Mezzanottes were not the principals in the loan transaction, Judge McKinnon's findings have the force and effect of a jury verdict and are binding on appeal. *See Henderson County v. Osteen,* 297 N.C. 113, 254 S.E. 2d 160 (1979); *Williams v. Insurance Co.,* 288 N.C. 338, 218 S.E. 2d 368 (1975), and cases cited therein. There was testimony from Matthew Mezzanotte, Genevieve Mezzanotte, Mitchell Furst, and Clarence McGillen that plaintiffs were having difficulty raising the required cash to close the Daniel Boone sale; that plaintiffs had approached Matthew Mezzanotte to inquire of him as to loan sources; that plaintiffs were so anxious to obtain a loan through Furst that they agreed to obligate themselves to pay an interest rate of 100 percent, agreed to put up additional collateral besides the Daniel Boone prop-

erty, and agreed to execute the loan papers in Virginia so as to avoid the usury laws of North Carolina. We are persuaded that such evidence supports Judge McKinnon's findings on the issues of inducement and reliance. This assignment is overruled.

In plaintiffs' next assignment, they contend that the trial court erred in failing to hold the Mezzanottes responsible as constructive trustees. We disagree. That issue was effectively disposed of in our prior opinion, where we held that because plaintiffs had not elected to rescind the loan agreement, but instead, elected to affirm it and seek damages, the remedy of establishing a constructive trust was not available to them. This assignment is overruled.

Finally, plaintiffs contend that the trial court erred in dismissing plaintiffs' claim for relief based on contract in case 75CVS561, wherein plaintiffs asserted that they held an option to purchase the Daniel Boone complex and prayed for an order of the court declaring them to be entitled to such an option. Prior to trial on remand, defendants, apparently out of an abundance of caution, argued to the trial court that it should consider plaintiffs' contract claim. Plaintiffs objected. At this point, Judge McKinnon ruled that the matter was not before him. We agree with this ruling, but hasten to point out that plaintiffs are not helped by our conclusion. Plaintiffs' contract claim was fully litigated at the first trial. The findings, conclusions, and judgment on the first trial were adverse to plaintiffs on that claim. Our previous opinion in these cases did not disturb that portion of the judgment entered at the conclusion of the first trial, and it therefore constitutes the law of the case on this issue. *See Hayes v. Wilmington*, 243 N.C. 525, 91 S.E. 2d 673 (1956); *see also Transportation, Inc. v. Strick Corp.*, 286 N.C. 235, 210 S.E. 2d 181 (1974); *compare In re University of North Carolina*, 300 N.C. 563, 268 S.E. 2d 472 (1980). A careful reading of our previous opinion can lead to but one conclusion: that plaintiffs were entitled to a new trial on the issue of *damages* for fraud in the loan transaction. It would strain all logic to read our previous opinion as remanding for a new trial an issue of whether plaintiffs were entitled to specific performance of the alleged option or damages for its breach. The judgment on remand was "[t]hat the actions of Plaintiffs to the extent that same have not been adjudicated heretofore be ... . dismissed . . .". We see no inconsistency in Judge McKinnon's initial ruling on plain-

tiffs' contract claim and his judgment, and find no error here. This assignment is overruled.

In the trial we find

No error.

Judges HILL and BECTON concur.