HENRY C. DOBY, JR., AND JOHN M. BAHNER, JR., AS RECEIVERS FOR ALL STAR INDUSTRIES, INC. v. NORMAN A. LOWDER AND WIFE, LINDA G. LOWDER, GRANT D. LOWDER AND WIFE, LORAINE H. LOWDER, DWIGHT DAVID LOWDER AND WIFE, BETTY F. LOWDER, DOGWOOD FARMS, A PARTNERSHIP, AND NORMAN R. LOWDER, POULTRY FARMS, INC.

No. 8420SC369

(Filed 18 December 1984)

1. Trial § 2.3— denial of continuance—uncertainty concerning plaintiff's counsel— time for discovery

The trial court did not abuse its discretion in denying plaintiff receivers' motion for continuance of a hearing on defendants' motions for summary judgment and to strike a notice of *lis pendens* on the ground that the Court of Appeals had ruled that the law firm representing plaintiffs had been improperly appointed to represent plaintiffs in another case, and plaintiffs were uncertain of the authority of the law firm to represent them in this case, where plaintiffs' counsel elected to remain in this case and to take an active role in it for several months after the decision of the Court of Appeals was filed, and the ac-

Doby v. Lowder

tion had been pending for several years before the motion for continuance was made. Nor did the trial court err in denying the motion for continuance on the ground that plaintiffs needed to obtain discovery from a person who was not a party to the action since plaintiffs had ample opportunity to pursue discovery before the hearing was scheduled. G.S. 1A-1, Rule 40(b).

**2. Fraudulent Conveyances § 1.2— action based on bulk transfer statutes—statute of limitations**

An action by plaintiff receivers based on the bulk transfer statutes of the Uniform Commercial Code is barred by the statute of limitations of G.S. 25-111 where the action was commenced more than six months after the transferees took possession, concealment was neither alleged nor proven, and the evidence negated concealment. G.S. 25-6-101 *et seq.*

**3. Rules of Civil Procedure § 56— summary judgment—affidavit not timely filed**

An affidavit was not properly before the court in a hearing on a summary judgment motion where it was not served before the day of the hearing as required by G.S. 1A-1, Rule 56(c), and there was no showing that the court's permission to allow later service was requested or granted pursuant to G.S. 1A-1, Rules 6(d) or 56(e).

**4. Fraudulent Conveyances § 3.1— fraud in corporation's conveyance—insufficient complaint**

In an action by plaintiff receivers to recover amounts due on notes from the corporate defendant to the receivers' insolvent, plaintiffs' complaint was insufficient to state a cause of action for fraud in the transfer of real estate by the corporate defendant to the individual defendants where the complaint made no reference to the fraudulent conveyance statutes, failed to allege with particularity any other circumstances constituting fraud, and failed to allege that amounts paid to the corporate defendant were less than the reasonable value of the assets it transferred.

**5. Fraudulent Conveyances § 3.4— conveyance by a corporation—insufficient showing of fraud**

The forecast of evidence on a motion for summary judgment was insufficient to support a finding of fraud in the corporate defendant's conveyance of real estate to the individual defendants where the pleadings and affidavits disclosed only that the individual male defendants were the sons of the corporate defendant's president; there was no showing that the corporate defendant was unable to pay its debts after the transfer; and affidavits disclosed that the consideration paid was approximately the same as the appraised value of the property, that there was no concealment of the transaction, and that the corporate defendant did not retain possession of the property.

**6. Lis Pendens § 2— notice of lis pendens not authorized**

Filing of a notice of *lis pendens* was not authorized where plaintiffs' action was for a money judgment based on fraud in the conveyance of realty from the corporate defendant to the individual defendants and did not seek to set aside the transfer of realty.

APPEAL by plaintiffs from *Barefoot, Judge.* Order granting defendant appellees' motion for summary judgment entered 3 October 1983 and orders denying plaintiffs' motions for continuance and for leave of their counsel to withdraw and granting defendant appellees' motion to strike notice of *lis pendens* entered 5 October 1983 in Superior Court, STANLY County. Heard in the Court of Appeals 30 November 1984.

Plaintiff-receivers instituted this action to recover amounts due on notes from the corporate defendant to the receivers' insolvent. They appeal the denial of their motions for continuance and for leave of their counsel to withdraw. They also appeal the granting of defendant appellees' motions for summary judgment and to strike notice of *lis pendens.*

*Kluttz, Hamlin, Reamer, Blankenship and Kluttz, by William C. Kluttz, Jr., for plaintiff appellants.*

*Griffin, Caldwell, Helder & Steelman, P.A., by C. Frank Griffin and Sanford L. Steelman, Jr., for defendant appellees.*

HILL, Judge.

Plaintiffs contend the court erred in denying their motion to continue the hearing on defendant appellees' motions for summary judgment and to strike plaintiffs' notice of *lis pendens.* We disagree.

A motion to continue is addressed to the court's sound discretion and will not be disturbed on appeal in the absence of abuse of discretion. *Cleeland v. Cleeland,* 249 N.C. 16, 18, 105 S.E. 2d 114, 116 (1958). Continuances are not favored and the party seeking a continuance has the burden of showing sufficient grounds for it. G.S. 1A-1, Rule 40(b); *Shankle v. Shankle,* 289 N.C. 473, 482, 223 S.E. 2d 380, 386 (1976). The chief consideration is whether granting or denying a continuance will further substantial justice. *Shankle,* 289 N.C. at 483, 223 S.E. 2d at 386.

Plaintiffs instituted this action in 1979, following the appointment of the law firm of Moore & Van Allen as plaintiffs' counsel in another case earlier that year. *See Lowder v. All Star Mills,* 309 N.C. 695, 696, 309 S.E. 2d 193, 195 (1983), *reh. denied,* 310 N.C. 749, 319 S.E. 2d 266 (1984). In January 1983 this Court found er-

Doby v. Lowder

ror in that appointment. *Lowder v. Mills, Inc.*, 60 N.C. App. 275, 285, 300 S.E. 2d 230, 236 (1983) (affirmed as to this point, *Lowder*, 309 N.C. at 698, 309 S.E. 2d at 196). In May 1983 our Supreme Court allowed discretionary review of that decision, but did not stay its certification. *Lowder*, 309 N.C. at 697, 309 S.E. 2d at 196.

Plaintiffs, through the same counsel, filed notice of *lis pendens* on the real estate the corporate defendant had earlier transferred to the other defendant appellees. During the next four months they also pursued additional discovery.

[1]  On 15 September 1983 the non-corporate defendant appellees filed motions for summary judgment and to strike the notice of *lis pendens*, along with supporting affidavits. On 27 September 1983, plaintiffs' attorneys (then Moore, Van Allen and Allen) moved that they be allowed to withdraw. On 30 September 1983 plaintiffs moved that the 3 October 1983 hearing on the motions of the non-corporate defendant appellees be continued. The reasons stated for their request were the prior withdrawal of their counsel from the other case, the uncertainty of their counsel over their authority to act in this case and plaintiffs' need to obtain discovery from a person who is not a party to this action.

We conclude that the court's denial of a continuance was a proper exercise of its discretion and not a denial of substantial justice. This Court's decision regarding the appointment of plaintiff's counsel was rendered in an action which was separate from this one. Plaintiffs' counsel elected to remain in this case and to take an active role in it for several months after this Court's opinion was filed and certified to the trial court. Moreover, this action had been pending for several years before the motion for continuance was made. Plaintiffs had ample opportunity to pursue discovery before the hearing was scheduled. Plaintiffs offered nothing to show why they had not already sought all of their discovery, to show that any such discovery had been thwarted by defendant appellees, or to show how the discovery which they sought on the eve of the hearing would have affected this case. In short, plaintiffs failed to show good cause for requesting the continuance. G.S. 1A-1, Rule 40(b); *see, e.g., Complex, Inc. v. Furst and Furst v. Camilco, Inc. and Camilco, Inc. v. Furst*, 57 N.C. App. 282, 284-85, 291 S.E. 2d 296, 298, *disc. rev. denied*, 306 N.C. 555, 294 S.E. 2d 369 (1982).

Plaintiffs contend the court erred in denying the motion of their counsel for leave to withdraw. They indicate, however, that the later granting of that motion rendered their contention moot except as it bears upon the denial of their motion for continuance. Having disposed of the continuance issue above, we deem the contention regarding the motion to withdraw to be abandoned. N.C. R. App. P. 28(a) and 28(b)(5).

Plaintiffs contend the court erred in granting summary judgment for defendant appellees. We disagree. Summary judgment should issue if the materials before the court show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. *Bank v. Evans*, 296 N.C. 374, 376, 250 S.E. 2d 231, 233 (1979); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971); G.S. 1A-1, Rule 56(c). There is no genuine issue of fact here, and the non-corporate defendants are entitled to judgment as a matter of law.

The pleadings, answers to interrogatories, affidavits and exhibits show the following:

In 1976 the corporate defendant transferred to defendant Dogwood Farms, a partnership composed of the male individual defendants, certain real and personal property, valued at approximately $645,000.00, in exchange for consideration of the same amount in the form of the partnership's down payment, promissory note, deed of trust on the realty, and assumption of the corporate defendant's existing debt for farm equipment. The transfer of personalty was evidenced by a recorded bill of sale. The deed and deed of trust to the realty were also recorded in Stanly County at the time of the transfer. Defendant partnership has sold the standing crops it bought, paid off the debts it assumed, and is current in its payments on the note.

There is nothing to support plaintiffs' argument that fraud was present in the exchange between the corporate defendant and the non-corporate defendant appellees. The complaint alleged that the transfer violated G.S. 25-6-101 through 111. However, plaintiffs failed to argue those statutes in their brief. We thus deem any reliance by plaintiffs upon G.S. 25-6-101 through 111 to be abandoned. N.C. R. App. P. 28(a) and 28(b)(5).

**[2]** Even if plaintiffs had argued those statutes, however, any action based upon them would be barred. No action may be brought under those statutes more than six months after the transferee takes possession unless the transfer is concealed. G.S. 25-6-111. Here the parties agree that the transfer occurred on or about 29 October 1976. The complaint was filed on 7 December 1979, more than six months later. Concealment is neither alleged nor proven. The prompt recordation of the bill of sale, deed and deed of trust negates any consideration of concealment. Further, the affidavits of the non-corporate defendant appellees show that they took possession at the time of the transfer. Since the exchange they have paid *ad valorem* taxes on the property and have exercised exclusive dominion over it.

**[3]** Plaintiffs may not rely upon the tendered affidavit of Malcolm Lowder to show that the corporate defendant retained possession. It was not served before the day of the hearing as required by G.S. 1A-1, Rule 56(c). There is no showing that the court's permission to allow later service was requested or granted pursuant to G.S. 1A-1, Rule 6(d) or 56(e). Since the court did not rule on the admissibility of the affidavit, it was not properly before the court. *See, Rose v. Guilford Co.*, 60 N.C. App. 170, 172, 298 S.E. 2d 200, 202 (1982). Thus, any action based upon G.S. 25-6-101 through 111 is barred by G.S. 25-6-111.

**[4]** Even if plaintiffs' action was not thus barred their complaint does not state a cause of action for fraud. In all averments of fraud the circumstances constituting fraud must be stated with particularity. G.S. 1A-1, Rule 9(b); *Rosenthal v. Perkins*, 42 N.C. App. 449, 452, 257 S.E. 2d 63, 65-66 (1979). The complaint makes no reference to the fraudulent conveyance statutes, G.S. 39-15 through 22, nor does it allege with particularity, except in connection with G.S. 25-6-101 through 111, discussed above, any other circumstances constituting fraud. There is no allegation that any amounts paid to the corporate defendant were less than the reasonable value of the assets it transferred. *See, e.g., Bank*, 296 N.C. at 377-80, 250 S.E. 2d at 233-35. Thus, plaintiffs' argument of fraud in the transfer is without support in their pleadings.

**[5]** Further, if the argument was supported by proper pleadings, such pleadings would find no support in the evidence. Plaintiffs refer to the five tests for fraud. *Id.*, at 376-77, 250 S.E. 2d at 233;

*Aman v. Walker*, 165 N.C. 224, 227-28, 81 S.E. 162, 164 (1914). However, they argue only the fifth. Pursuant to N.C. R. App. P. 28(a) and 28(b)(5), we deem any reliance upon the first four tests to be abandoned. The fifth test includes the knowledge and participation of the transferee. *Id.* Plaintiffs argue that the facts raise an issue as to the fraudulence of the parties' intent. *See, e.g., Nytco Leasing v. Southeastern Motels*, 40 N.C. App. 120, 131, 252 S.E. 2d 826, 833-34 (1979). As evidence of such intent, plaintiffs cite as "badges of fraud" four circumstances, none of which is present here. The first is the relationship of the parties. *See, e.g., Sanford v. Eubanks*, 152 N.C. 697, 701, 68 S.E. 219, 221 (1910). The pleadings and affidavits disclose that defendant appellee partners are the sons of the corporate defendant's president, Norman R. Lowder. For reasons discussed above, plaintiffs may not rely upon the tendered affidavit of Malcolm Lowder to show a more extensive relationship between the corporate defendant and these other defendant appellees. Further, a sale of property for less than its reasonable value and the grantor's subsequent inability to pay its debts are required before such a relationship is considered evidence of fraudulent intent. *Nytco Leasing*, 40 N.C. App. at 130, 252 S.E. 2d at 833, citing *McCanless v. Flinchum*, 89 N.C. 373 (1883). There was no showing that the corporate defendant was unable to pay its debts. Defendants' counterclaim alleges that any debt it owed to plaintiffs has been paid. The corporate defendant had a net worth of approximately one million dollars immediately before and immediately after the exchange. The approximate $100,000.00 reduction in the corporate defendant's net assets after the transfer was not attributable to a deficiency in the consideration paid to it by defendant appellees. The corporate defendant's financial statement immediately after the transfer failed to reflect the full amount of the down payment paid to it by defendant appellees. A sale for less than reasonable value was manifestly not present here. The affidavits disclose that the consideration paid was approximately the same as the appraised value of the property transferred. Another "badge of fraud" argued by plaintiffs, inadequate consideration, thus also was not present. *See, e.g., Jessup v. Johnston*, 48 N.C. 335, 338-39 (1856). In light of our above discussion on the lack of concealment, there was no secrecy surrounding the transaction that would constitute a "badge of fraud." *Vick v. Kegs*, 3 N.C. 126 (1800). Finally, the affidavits of the other defendant appellees show that the corporate

defendant did not retain possession of the property. *See Messick v. Fries*, 128 N.C. 450, 450-51, 39 S.E. 59, 60 (1901). For reasons discussed above, plaintiffs may not rely upon the affidavit they tendered to rebut that showing.

The affidavits of the non-corporate defendant appellees show that the partners' wives have no interest in the partnership. Plaintiffs have failed to plead or to produce evidence showing that they have any such interest, that they participated in the transfer, or that they have any other reason to be parties to this action. The partners' interests in the partnership property are not subject to certain property rights of spouses. G.S. 59-55(b)(5).

We conclude that there was no genuine issue of material fact and that defendant appellees were entitled to judgment as a matter of law. Plaintiffs' assignment of error to the award of summary judgment thus is overruled.

[6] As noted, plaintiffs do not allege a violation of the fraudulent conveyance statutes, nor do they seek to set aside a fraudulent conveyance. Such actions would affect title to real property and would thus support the filing of a notice of *lis pendens*. G.S. 1-116; *Bank*, 296 N.C. at 380, 250 S.E. 2d at 235. The nature of plaintiffs' action, however, must be determined by reference to the facts alleged in the body of the complaint. *Pegram v. Tomrich Corp.*, 4 N.C. App. 413, 415, 166 S.E. 2d 849, 851 (1969). This is an action for a money judgment. It does not seek to set aside a transfer of realty. In such a case the filing of a notice of *lis pendens* is not authorized. *Parker v. White*, 235 N.C. 680, 688, 71 S.E. 2d 122, 128-29 (1952); *Wolfe v. Hewes*, 41 N.C. App. 88, 91, 254 S.E. 2d 204, 206-07, *disc. rev. denied*, 298 N.C. 206 (1979).

Moreover, the court based its order striking the notice of *lis pendens* upon its grant of summary judgment for defendant appellees. We affirm the award of summary judgment, and we therefore affirm the striking of the notice of *lis pendens*.

Affirmed.

Judges WEBB and JOHNSON concur.