693 S.E.2d 357 (2010)
In the Matter of D.W.
No. COA09-1349.
Court of Appeals of North Carolina.
March 2, 2010.
Publication Ordered March 19, 2010.
Northen Blue, L.L.P., by Carol J. Holcomb and Samantha H. Cabe, for petitioner-appellee Orange County Department of Social Services.
Pamela Newell Williams for guardian ad litem.
Ryan McKaig for respondent-appellant mother.
WYNN, Judge.
When a trial court rules on a motion to continue, "[t]he chief consideration is whether granting or denying a continuance will further substantial justice."[1] In this appeal, *358 Respondent mother argues that the trial court abused its discretion by denying a motion to continue a hearing addressing the termination of parental rights on the grounds that the parent was not present.[2] Because the circumstances of this case indicate that justice was impaired by the denial of the continuance, we agree with Respondent and reverse the trial court's order.
On 9 March 2009, the Orange County Department of Social Services ("DSS") filed a motion to terminate Respondent mother's parental rights to D.W., Jr. ("the juvenile"). The case came on for a termination of parental rights hearing on 16 June 2009. Initially, however, the trial judge believed that there was "just information to be read into the record" and that she would not be kept long from presiding over matters in another courtroom. Respondent's attorney requested that the trial court continue the hearing because Respondent was not present. Counsel indicated that she could not communicate with her client outside of court other than by letter. Counsel told the trial court that Respondent had been informed of the date of the hearing in writing, but there was no evidence offered to prove Respondent's receipt of that correspondence. Counsel also noted that Respondent had been present at each of the earlier stages of the proceeding. Attorneys for both parents expressed concern that their clients thought the hearing was to be held at another location.
The trial judge reiterated her assumption that the matter would be resolved quickly, stating "I was told that it was just information to be read in the record, and so, that's what I came to do ... and if we're talking about something longer than that, then I need to run...." It was suggested that the hearing be suspended until 1 p.m. to allow time for Respondents to appear. In response, Petitioner's attorney indicated that such a delay was incompatible with the schedules of certain expert witnesses prepared, at the insistence of Respondent's counsel, to testify in the matter. After considering the arguments of counsel, the trial court decided to hold the hearing.
The termination hearing proceeded hastily, and the court consented to preside only on the understanding that there would be limited questions asked of the experts. The trial judge stated "[w]hen I hear limited questions, I'm thinking three or four, so that's what I have time to do, then, I have to go back downstairs." In fact, as Respondent's counsel was questioning one of the experts, the trial court stated "[i]f you have one last important question, I'm going to ask you to go ahead and ask that because this has already gone beyond the scope of what I bargained for." Counsel again requested a continuance, but the trial court responded, "If I do that, [the expert is] not going to be here because that's the whole point, to try to get her down so we don't have to pay her for time sitting down...." Respondent's counsel asked one final question but informed that court that she had "other questions" which remained unasked because of the court's time frame. Shortly thereafter, the proceedings were put on hold so the trial judge could hear matters in another courtroom.
The hearing resumed after the return of the trial judge and, in response to an objection raised by counsel for Respondent father, the trial court again expressed confusion as to the nature of the hearing, stating, "So, I don't know what stage we're at, what rules apply. I'm just trying to facilitate getting this done, so somebody needs to help me...." Respondent father's attorney informed the trial court that the hearing was an adjudication hearing in a termination of parental rights case. Later, the trial judge stated that she did not realize that the subject of the hearing "would be anything as serious as this."
After a recess, Respondent renewed her motion to continue the matter, because the trial court did not initially realize it was conducting a termination hearing. In response to Respondent's request, the trial court stated:

*359 I want to move forward. . . . Uh, I know what I heard, and I did hear some really good things. It's just that I wasn't aware of the context in which they should have been heard and applied. That was a deficit that I had, so, I would like to go ahead and move forward and do as much as we can do today.
After hearing the evidence, the trial court found, as grounds for termination of parental rights, that the juvenile had been willfully left in foster care for more than twelve months without Respondent making reasonable progress toward correcting the conditions that led to the juvenile being removed from her care, and that the juvenile was a neglected and dependent juvenile. The trial court took additional evidence at the disposition phase of the hearing and concluded, both in court and in its written order, that it was "in the best interests of the juvenile" that Respondents' parental rights be terminated.
Respondent appeals from the trial court's order terminating her parental rights. Respondent contends that the trial court abused its discretion when it denied her motion to continue the termination hearing.
A motion to continue is addressed to the court's sound discretion and will not be disturbed on appeal in the absence of abuse of discretion. Continuances are not favored and the party seeking a continuance has the burden of showing sufficient grounds for it. The chief consideration is whether granting or denying a continuance will further substantial justice.
Humphrey, 156 N.C.App. at 538, 577 S.E.2d at 425 (quoting Doby v. Lowder, 72 N.C.App. 22, 24, 324 S.E.2d 26, 28 (1984)). Furthermore, "the denial of a motion to continue . . . is sufficient grounds for the granting of a new trial only when the defendant is able to show that the denial was erroneous and that he suffered prejudice as a result of the error." State v. Rogers, 352 N.C. 119, 124, 529 S.E.2d 671, 675 (2000).
The Juvenile Code directly addresses the continuation of hearings involving juvenile matters and states in pertinent part:
The court may, for good cause, continue the hearing for as long as is reasonably required to receive additional evidence, reports, or assessments that the court has requested, or other information needed in the best interests of the juvenile and to allow for a reasonable time for the parties to conduct expeditious discovery. Otherwise, continuances shall be granted only in extraordinary circumstances when necessary for the proper administration of justice or in the best interests of the juvenile.
N.C. Gen.Stat. § 7B-803 (2009).
Respondent argues that "[t]he trial court erred in denying the motion . . . to continue on the ground that the Respondent Mother had a right to be present for the hearing." While we decline to find that parental absence, without more, constitutes extraordinary circumstances necessitating a continuance, the facts of this case indicate that the trial court abused its discretion when denying the motion for a continuance.
We are aware that this Court has previously held that a parent's due process rights are not violated when parental rights are terminated at a hearing at which the parent is not present. In re Murphy, 105 N.C.App. 651, 658, 414 S.E.2d 396, 400, aff'd per curiam, 332 N.C. 663, 422 S.E.2d 577 (1992) ("When. . . a parent is absent from a termination proceeding and the trial court preserves the adversarial nature of the proceeding by allowing the parent's counsel to cross examine witnesses, with the questions and answers being recorded, the parent must demonstrate some actual prejudice in order to prevail upon appeal."). However, in Murphy, the Court was deciding whether an incarcerated respondent had such a fundamental right to be present that the State was required to provide transportation for respondent to secure his presence. The matter sub judice presents a different set of factual circumstances, and we believe, as did the Court in Murphy, that a case-by-case analysis is more appropriate than the application of rigid rules. See id. at 653, 414 S.E.2d at 398 ("However, `fundamental fairness may be maintained in parental rights termination proceedings even when some procedures are mandated only on a case-by-case basis, rather than through rules of general application.'") (quoting Santosky v. Kramer, 455 *360 U.S. 745, 757, 102 S.Ct. 1388, 1396, 71 L.Ed.2d 599, 609 (1982)).
In this case, the record is replete with indicia of the extraordinary nature of the circumstances presented to the trial court. First, Respondent notes that it was unclear whether she received notice of the hearing. While trial counsel told the trial court that she had informed Respondent of the hearing date, there was no evidence offered to show that Respondent received this correspondence. Furthermore, the record indicates that the trial court was on notice that Respondent suffered from diminished capacity, possibly making her absence involuntary. Trial counsel argued that Respondent's attendance at each of the previous hearings indicated her willingness to participate in the proceedings. Also, it was apparent from the transcript that external time constraints negatively affected the nature of the proceeding in such a manner as might have been avoided through the issuance of a continuance. Lastly, we are troubled by the trial court's failure to ascertain the nature of the proceeding prior to issuing a ruling on a motion to continue, particularly because the nature of the proceeding informs what is necessary to ensure "the proper administration of justice." N.C. Gen.Stat. § 7B-803 (2009).
Respondent has indicated that she was materially prejudiced by denial of her motion because she was unable to testify in the matter. But see In re D.Q.W., T.A.W., Q.K.T., Q.M.T., & J.K.M.T., 167 N.C.App. 38, 41-42, 604 S.E.2d 675, 677 (2004) (holding that the respondent was not prejudiced where the respondent did not explain why his counsel had inadequate time to prepare for the hearing, what specifically his counsel hoped to accomplish during the continuance, or how preparation would have been more complete had the continuance motion been granted). In Respondent's brief she argues that "prejudice results from the mother being unable to testify on her own behalf, or participate in any way in the proceedings." Generally, we consider the testimony of a parent to be a vital source of information regarding the nature of the parent/child relationship and the necessity of terminating parental rights. Additionally, a parent's right to the companionship, care, custody, and control of his or her children is protected by the Constitution of the United States. See Quilloin v. Walcott, 434 U.S. 246, 255, 98 S.Ct. 54 L.Ed.2d 511, 519, 549, 554-55, 54 L.Ed.2d 511, 519, reh'g denied, 435 U.S. 918, 98 S.Ct. 1477, 55 L.Ed.2d 511 (1978). This important interest "undeniably warrants deference and, absent a powerful countervailing interest, protection." Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551, 558 (1972). Thus we find that the trial judge abused its discretion when denying a motion to continue a hearing to terminate the parental rights of a Respondent mother who was suffering from mental disability, to whom there is no evidence that notice was given, and from whom the trial court could hear testimony directly addressing the ultimate issue at trial.
Because our holding as to Respondent's first argument is dispositive, we need not address Respondent's argument that the trial court erred by failing to bifurcate the adjudication and disposition portions of the termination hearing.
Reversed.
Judge BEASLEY concurs.
Judge HUNTER, JR. concurs with a separate opinion.
HUNTER, JR., ROBERT N., Judge, concurring.
I read the record with regard to the continuance issue somewhat differently than my colleagues. It appears that after the pleadings were filed, DSS's motion to terminate Respondent mother's parental rights was scheduled to be heard on 4 June 2009. Respondent contacted her attorney to request a continuance from the 4 June 2009 calendar date after learning of the date by a letter sent from her attorney. Respondent's attorney knew that, due to the crowded court calendar, the court would not be able to reach DSS's motion on 4 June 2009. After the trial court ordered a continuance on 4 June 2009, Respondent's counsel mailed Respondent a letter informing her that the hearing would be held on 16 June 2009 in Hillsborough, thus verifying that Respondent was informed of the date, place, and time.
*361 At the hearing scheduled for 16 June 2009, Respondent did not appear. Counsel made a motion to continue or delay the hearing for a period of time until Respondent could arrive. The transcript of the record is unclear what the quality of the communication was between counsel and Respondent, but Respondent's counsel knew of the hearing, and communicated the date, time, and place of the hearing to her client by U.S. mail, which was the ordinary method of communication between Respondent and counsel.
The presumption should be that the mail was delivered and received.[3]Hornby v. Penn. Nat'l Mut. Casualty Ins. Co., 62 N.CApp. 419, 423, 303 S.E.2d 332, 335 (1983) ("Evidence that a letter has been mailed permits an inference that it was properly addressed and stamped and that it was received by the addressee."); Pennington v. Flame Refractories, Inc., 53 N.C.App. 584, 586, 281 S.E.2d 463, 465 (1981) ("`There is a presumption that mail, with postage prepaid and correctly addressed, will be received.'") (citation omitted). To rebut this presumption, Respondent must, at a minimum, allege that she did not receive the notice. Atlantic and East Carolina Ry. Co. v. Southern Outdoor Adver., 129 N.C.App. 612, 616, 501 S.E.2d 87, 90 (1998) ("Since Atlantic could not say with certainty that it did not receive the renewal letter, it did not overcome the presumption[.]"). This contention is not made affirmatively. Instead, the contention on appeal is that there is no record that Respondent received the letter from her counsel. To reverse a trial court ruling for abuse of discretion for lack of notice on a continuance matter, this minimal contention should be made.
Furthermore, Respondent did not proffer some forecast of evidence which she desired to tender to the court, or, in the alternative, show some specific prejudice that infringed on her right to cross-examine witnesses whose testimony was taken at the hearing. Therefore, I would find that adequate notice was received by Respondent, and absent either some explanation for her failure to appear or an allegation of prejudice as to the evidence presented, I do not think the judge erred in denying the continuance requested.
I agree with my colleagues that the transcript of the hearing lacks the deliberative nature of a judicial hearing where parental rights are at stake. It does not appear that any of the court proceedings before 16 June 2009 dealt with testimony directly on the issue of terminating parental rights. Unless we grant relief and reverse, the parent's testimony rebutting or mitigating the evidence presented will not be considered by the court at this critical stage. Given that the reasons for termination were based on the court's conclusion that the minor had been left in foster case for more than twelve months without Respondent making reasonable progress toward correcting the conditions that led to the minor being removed from her care, her testimony is particularly significant on this issue. Delaying a decision until Respondent has been heard from, or until the next available court session, to allow her personal testimony to be considered on this issue seems, to me, a modest request which should have been granted to assure fundamental fairness. Therefore, I concur in the result, albeit for a somewhat different reason.
NOTES
[1] In re Humphrey, 156 N.C.App. 533, 538, 577 S.E.2d 421, 425 (2003) (quoting Doby v. Lowder, 72 N.C.App. 22, 24, 324 S.E.2d 26, 28 (1984)).
[2] The trial court's order also terminated Respondent father's parental rights, but he is not a party to this appeal. Thus, we focus on the facts relevant to the issues raised by Respondent mother.
[3] Respondent nakedly alleges in her brief that "it is unclear that the respondent mother received proper notice of the hearing." However, Respondent offers no evidence on appeal rebutting: (1) her own trial counsel's assertion that a letter was sent informing her of the 16 June 2009 hearing, and (2) Finding of Fact 8 in the trial court's order stating that Respondent's trial counsel "verified" that Respondent knew of the hearing.