IN RE: WILLIAM JASON SHIELDS, A MINOR CHILD

No. 8326DC755

(Filed 5 June 1984)

**Appeal and Error § 19— appeal in forma pauperis—failure to request in apt time**

> The trial court erred in allowing respondent to appeal *in forma pauperis* from a judgment terminating his parental rights where he did not properly request permission to proceed *in forma pauperis* within ten days from the expiration of the session at which judgment was rendered as required by G.S. 1-288, and the appellate court obtained no jurisdiction of the appeal.

APPEAL by respondent William Robert Shields from *Jones, Judge*. Judgment entered 14 December 1982 in District Court, MECKLENBURG County. Heard in the Court of Appeals 1 May 1984.

On 7 September 1982, petitioner Mecklenburg County Department of Social Services filed a petition seeking to terminate the parental rights of respondent William R. Shields with respect to his minor child, William Jason Shields. At a hearing conducted 22 November and 23 November 1982, the trial court found that the child had been neglected and that respondent had failed to pay child support and lacked basic parenting skills. At the conclusion of the hearing, the court determined that respondent's parental right should be terminated, and orders were signed to that effect on 14 December 1982.

Respondent filed notice of appeal on 22 December 1982. On 18 January 1983, respondent moved to appeal *in forma pauperis*, which motion was granted on 14 March 1983.

*James F. O'Neil for respondent appellant William R. Shields.*

*Ruff, Bond, Cobb, Wade and McNair, by Robert S. Adden, Jr., and Moses Luski, for petitioner appellee Mecklenburg County Department of Social Services.*

*Gary L. Murphy, Guardian ad litem, for appellee.*

ARNOLD, Judge.

Respondent William R. Shields contends that the trial court erred in allowing testimony as to child support payments made by

respondent to the Department of Social Services and further contends that the order terminating his parental rights is not supported by the evidence. We refuse to consider these contentions, however, since respondent did not timely file his petition to proceed *in forma pauperis* as required by G.S. 1-288.

Appeals *in forma pauperis* from juvenile actions tried in district court are governed by the provisions of G.S. 1-288, the requirements of which are mandatory and must be observed. *In re Burrus*, 275 N.C. 517, 169 S.E. 2d 879 (1969). Failure to comply with these requirements deprives the appellate court of any jurisdiction. *Prevatte v. Prevatte*, 239 N.C. 120, 79 S.E. 2d 264 (1953). The statute provides that when an appealing party is "unable, by reason of his poverty, to make the deposit or to give the security required by law for said appeal," he shall "*during the session at which the judgment was rendered or within 10 days from the expiration by law of the session*, make affidavit that he is unable by reason of his poverty to give the security required by law, and that he is advised by a practicing attorney that there is error in matter of law in the decision of the court in said action. The affidavit must be accompanied by a written statement from a practicing attorney of said court that he has examined the affiant's case, and is of opinion that the decision of the court, in said action, is contrary to law." G.S. 1-288. (Emphasis added.)

In the case before us the session at which judgment was entered expired 30 November 1982, but was extended until 14 December 1982 when the judgment terminating respondent's parental rights was entered. Accordingly, respondent had until 24 December 1982 to properly request permission to appeal *in forma pauperis*. He did not so proceed, however, until 18 January 1983. Under these circumstances, it was error for the trial court to allow respondent leave to proceed *in forma pauperis*. The appeal is, therefore,

Dismissed.

Judges HEDRICK and PHILLIPS concur.