IN THE MATTER OF: BIANCA LAPRENA CALDWELL, MINOR CHILD; MECKLENBURG COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER; AND TERESA VALAY CALDWELL, AND ROMERO CLARK, RESPONDENTS

No. 8426DC1138

(Filed 18 June 1985)

1. **Appeal and Error § 19— pauper's appeal—motion not timely—fees paid— heard on the merits**

    The trial court correctly denied respondent leave to proceed on appeal *in forma pauperis* where respondent did not file her motion within ten days of the expiration of the session at which judgment was rendered; however, all fees and printing charges were paid, the Court of Appeals therefore had jurisdiction, and the case was heard on the merits. G.S. 1-288 (1983).

2. **Appeal and Error § 28.2— sufficiency of evidence to support findings—not raised by broadside exception**

    The sufficiency of the evidence to support the findings was not before the Court of Appeals in a termination of parental rights action where respondent failed to except to any findings of fact. An exception to the court's conclusion that the findings were supported by clear, cogent and convincing evidence did not present the entire body of findings for review.

3. **Parent and Child § 1— termination of parental rights—conclusion supported by findings**

    The court's findings supported the conclusion that respondent's parental rights should be terminated under G.S. 7A-289.32(2) where the court found that the child was in the bottom five percent of children in her age group in weight, that respondent failed to supervise her properly, that the child was allowed to remain in dirty diapers and drink out of discarded bottles, that the child lived in an environment injurious to her health and welfare, that respondent suffered from mental problems resulting in inability to care for herself and adversely affecting her ability to care for a child, that social workers who took care of respondent's affairs for her found her ability to deal with reality diminished, and that nothing suggested any real improvement in respondent's condition.

4. **Parent and Child § 1— termination of parental rights—not based on mental illness**

    The trial court did not attempt to terminate respondent's parental rights for mental illness without the required finding of a reasonable probability that the inability to provide proper care would continue throughout the child's minority where facts evidencing physical neglect were found and were sufficient to support a determination that the child was neglected. The review of respondent's condition was necessary to determine that the neglect would probably recur.

5. **Appeal and Error § 42; Parent and Child § 1.5— termination of parental rights—failure of tape-recording equipment—no prejudice shown**

   In an action for the termination of parental rights, there was no prejudicial error where the tape device used to record the trial did not work. Simply conjecturing that there may have been objections to critical testimony without showing why any such testimony ought to have been excluded will not support reversal, particularly when trial counsel assists in reconstructing the record. G.S. 7A-198 (1981).

6. **Parent and Child § 1.5— termination of parental rights—refusal to exercise discretion not to terminate—findings not required**

   The trial court did not err by failing to find facts for the refusal to exercise its discretion not to terminate parental rights. The order terminating rights must itself provide the legal basis for termination and include requisite findings; no further findings are required.

APPEAL by respondent Teresa Valay Caldwell from *Matus, Patrick, Judge.* Order entered 7 June 1984 in MECKLENBURG County District Court. Heard in the Court of Appeals 14 May 1985.

This is a parental rights action concerning Bianca LaPrena Caldwell, born in March 1982. Respondent Romero Clark, the child's father, consented to termination of his parental rights. Respondent Caldwell (hereinafter respondent) contested termination. The evidence at hearing showed that while in respondent's care the child weighed only seventeen pounds at thirteen months, in the fifth percentile for her age group. The child was always dirty and lived in unsanitary conditions. Respondent suffered from severe emotional and mental problems, including psychosis and schizophrenia, and had difficulty dealing with reality. She stipulated the child was neglected in May 1983. The child was placed in foster care. The Department of Social Services (hereinafter DSS) filed a petition to terminate parental rights in November 1983; upon hearing and further psychological evaluation, respondent's parental rights were terminated. She appealed.

*Ruff, Bond, Cobb, Wade & McNair, by Robert S. Adden, Jr. and William H. McNair, joining on the brief Ronald L. Chapman, guardian ad litem, for petitioner Department of Social Services.*

*Harper, Connette & Stovall, by Lois H. Grace Stovall, for respondent Caldwell.*

WELLS, Judge.

[1] Respondent attempted to appeal *in forma pauperis* pursuant to N.C. Gen. Stat. § 1-288 (1983). Notice of appeal was given 7 June 1984, and trial counsel moved to withdraw the same day. Present counsel was appointed 18 June 1984, and filed appeal entries 5 July 1984, followed by a motion for leave to appeal *in forma pauperis* and for an extension of time to file same on 11 July 1984. The motion was allowed the same day. Petitioner DSS filed a motion to dismiss the appeal on 31 July 1984, alleging lack of notice and lateness. Relying on *In re Shields*, 68 N.C. App. 561, 315 S.E. 2d 797 (1984), the trial court ruled that respondent had failed to comply with G.S. § 1-288 and struck its order allowing appeal *in forma pauperis*. Respondent assigns error.

G.S. § 1-288 requires that motions to appeal *in forma pauperis* be made at the latest within ten days after the expiration of the session at which judgment is rendered. This requirement is mandatory. *In re Shields, supra.* Even assuming that the ten day limit began to run as of the time counsel was appointed for appeal, no motion was filed within ten days. The late filing of appeal entries has no bearing on the question; appeal entries are simply a convenient means of providing a record entry of the fact that an appeal *has been taken*, and do not constitute the taking of the appeal itself. *See* Commentary, Rule 3 of the Rules of Appellate Procedure. The court correctly denied respondent leave to proceed *in forma pauperis*. The docket of this court indicates that all fees and printing charges have nevertheless been paid; therefore this court has jurisdiction over the cause and we proceed to the merits.

[2] The trial court found that respondent's parental rights should be terminated under N.C. Gen. Stat. § 7A-289.32(2) (Cum. Supp. 1983). If this judgment is supported by the evidence and findings of fact, it must be affirmed. Respondent has failed to except to any of the findings of fact, they are therefore conclusive on appeal. *In re Apa*, 59 N.C. App. 322, 296 S.E. 2d 811 (1982). We reject respondent's argument that because she has excepted to the court's conclusion of law that the findings are supported by clear, cogent and convincing evidence, the sufficiency of the evidence to support the entire body of the findings is thus presented for review. Such broadside exceptions have always been

considered ineffective by our appellate courts. Once substantial evidence has been introduced, whether that evidence reaches the level necessary to support a finding, whether beyond a reasonable doubt or clear, cogent and convincing, rests essentially with the finder of fact. *See Addington v. Texas*, 441 U.S. 418 (1979). The finder's decision will not ordinarily be reviewable. *See Jackson v. Virginia*, 443 U.S. 307, *reh'g denied*, 444 U.S. 890 (1979). The sufficiency of the evidence to support the findings is accordingly not before us. *In re Apa, supra.*

[3] In cases such as this, to determine neglect the trial court may consider the original adjudication of neglect, and must also consider evidence of changed conditions to the time of hearing in light of the evidence of prior neglect and the probability of repetition of neglect. *In re Ballard*, 311 N.C. 708, 319 S.E. 2d 227 (1984). It is not essential that there be evidence of culpable neglect following the initial adjudication. *See In re Johnson*, 70 N.C. App. 383, 320 S.E. 2d 301 (1984). Here the court found that the child was in the bottom five percent of children in her age group in weight, that respondent failed to supervise her properly, that the child was allowed to remain in dirty diapers and drink out of discarded bottles, and that the child, while with respondent, lived in an environment injurious to her health and welfare. *See* N.C. Gen. Stat. § 7A-517(21) (1981). In addition, the court found that respondent suffered mental problems resulting in inability to care for herself and adversely affecting her ability to care for a child. The court found that the various social service workers that had seen respondent up to the time of hearing found her ability to deal with reality diminished and that the social workers still took care of her affairs for her; significantly, nothing in the order suggests any real improvement in respondent's condition. We conclude that these findings support the court's conclusion that respondent's parental rights should be terminated under G.S. § 7A-289.32(2); *In re Ballard, supra.* The evidence clearly showed that the problems which caused the injurious environment had continued and probably would recur.

[4] Respondent argues that in its focus on her mental condition, the trial court attempted to in fact terminate her parental rights for mental illness, *see* N.C. Gen. Stat. § 7A-289.32(7) (1981), but erroneously ignored that section's requirement that the court find a reasonable probability that the incapability to provide proper

In re Caldwell

care will continue throughout the child's minority. We disagree. The ground for termination was neglect. Facts evidencing physical neglect were properly found, sufficient to support a determination that the child was neglected. The review of respondent's own condition was necessary to determine that this neglect probably would recur. *In re Ballard, supra; see In re Castillo*, -- N.C. App. ---, 327 S.E. 2d 38 (1985) (court must consider all evidence of neglect and probability of repetition). Absent such evidence showing likelihood of repetition, it is doubtful that individual instances of neglect will support termination, except in exceptional cases. *See e.g., In re Moore*, 306 N.C. 394, 293 S.E. 2d 127 (1982) (violent, likely sexual, abuse), *appeal dismissed sub nom., Moore v. Guilford County Dept. of Social Services*, 459 U.S. 1139 (1983).

Recent decisions support our result on this issue. In *In re Montgomery*, 311 N.C. 101, 316 S.E. 2d 246 (1984) the supreme court affirmed termination on grounds of neglect where there was little evidence of deleterious physical conditions, although the parents did have a history of poverty and failure to get the children to school. The parents' mental retardation apparently swayed the court to conclude that erratic attention to education and basic material needs would continue, sufficient to support termination for neglect. Similarly, in *In re McDonald*, 72 N.C. App. 234, 324 S.E. 2d 847 (1985), we affirmed termination where the only instance of active neglect involved smoking near gasoline. However, general inadequate care, and, more importantly, chronic alcoholism, supported termination of parental rights. The findings of neglect were proper and supported the court's order in accord with the law.

[5] Respondent assigns error because the tape device used to record the trial did not work (the record was subsequently reconstructed with the help of trial counsel). Tape recording of trials in district court is permitted by law. N.C. Gen. Stat. § 7A-198 (1981). Absent contemporaneous objection to the use of tape devices, to show prejudicial error an appellant must at least indicate the import of some specific testimony or other proceeding that has been lost. *In re Peirce*, 53 N.C. App. 373, 281 S.E. 2d 198 (1981). Simply conjecturing, as respondent has done, that there may have been objections to critical testimony, without showing why any such testimony ought to have been excluded, will not support reversal,

particularly when as here trial counsel assists in reconstructing the record.

**[6]** Finally, respondent contends that the trial court erred in refusing to exercise its discretion not to terminate and in failing to find facts for this refusal. Irrespective of the existence of grounds for termination, the court retains discretionary authority to dismiss the petition in the best interests of the child. N.C. Gen. Stat. § 7A-289.31(b) (1981); *In re Montgomery, supra.* The statute only requires findings of fact when the court chooses to exercise this discretion. We are aware of no requirement that the court find facts in declining to do so. The order terminating rights must itself provide the legal basis, including requisite findings, for termination. The legislature has determined as a policy matter, in the interest of the child, that an order so supported will suffice to terminate parental rights. No further findings are required.

The order appealed from is therefore

Affirmed.

Judges JOHNSON and COZORT concur.