STATE OF NORTH CAROLINA v. JIMMY DEXTER COVINGTON

No. 708A84

(Filed 3 June 1986)

1. **Criminal Law § 91.6— murder and attempted armed robbery—list of State's witnesses provided prior to jury selection—continuance denied—no error**

   There was no error in the denial of defendant's motion for a continuance in a prosecution for murder and attempted armed robbery where defendant first learned the names and addresses of all the State's witnesses against him prior to jury selection but not prior to trial. Defendant did not show how his case would have been better prepared had the continuance been granted or that he was materially prejudiced by the denial of his motion.

2. **Criminal Law § 102.6— murder—prosecutor's closing argument—reasonable inference from the evidence**

   The assistant district attorney's closing argument in a prosecution for murder that defendant killed the victim was a reasonable inference from evidence that only two people were involved in the attempted armed robbery and assault which led to the murder; defendant was placed at the scene of the crime by his written confession which stated that he was a wheelman for Bass Pass; three eyewitnesses to the assault described the assailant as a tall, broad-shouldered, heavyset man, therefore resembling defendant's husky build rather than the slim physique of Bass Pass; and defendant when arrested was in possession of a sawed-off shotgun which he identified as the weapon used to murder the victim.

3. **Homicide § 26— murder and attempted armed robbery—instructions—no error**

   The trial court did not err in a prosecution for murder and attempted armed robbery by instructing the jury that defendant could be found guilty of either perpetrating the murder himself or of aiding and abetting Bass Pass in the perpetration thereof where evidence was presented at trial from which it could reasonably be inferred that defendant was in fact the actual perpetrator of the murder and there was nothing to indicate that defense counsel was mis-

led at the jury instruction conference on the matters on which the judge would instruct. N.C.G.S. § 15A-1232.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing life imprisonment plus forty years entered by *Bailey, J.*, at the 27 August 1984 Criminal Session of Superior Court, DURHAM County, upon jury verdicts of guilty of murder in the second degree and attempted armed robbery. Defendant's motion to bypass the Court of Appeals on the attempted armed robbery conviction was allowed by this Court on 18 April 1985. Heard in the Supreme Court 11 September 1985.

*Lacy H. Thornburg, Attorney General, by Wilson Hayman, Assistant Attorney General, for the State.*

*Richard T. Rigsbee, for defendant-appellant.*

FRYE, Justice.

Defendant contends that he is entitled to a new trial because of three alleged errors committed by the trial court. First, defendant contends that the trial court erred in denying his motion for continuance. Second, he contends that the trial court erred in allowing the prosecutor by his argument to place before the jury incompetent matters not raised by the evidence. Third, defendant contends that the trial judge erred in instructing the jury that defendant could be found guilty of either perpetrating the murder or of aiding and abetting his co-defendant in the perpetration thereof. After a careful review of the record, we find that defendant received a fair trial free from prejudicial error.

Defendant was charged with murder in the second degree and attempted armed robbery. The evidence for the State tended to show that on 22 November 1983, Frances "Jack" Zeck was shot to death during an attempted robbery of his store, Jack's Food Mart in Durham. In February 1984, the police obtained information from Bass Pass, which implicated defendant in the murder and attempted armed robbery. Upon gathering this information, the police questioned defendant. Defendant, after being informed that Bass Pass had implicated him in the crimes, told the officers that on 22 November 1983 Bass Pass asked him to serve as a "wheelman" in a "job" that he was going to do in Durham. Defendant stated that after picking up Pass, they drove to the in-

tersection of Morehead and Rosedale Avenue in Durham where Pass pointed to Jack's Food Mart. Defendant parked his car near the store and Pass left the vehicle carrying a sawed-off shotgun. After approximately fifteen minutes elapsed, Pass ran back to the car and told defendant, "That fool pulled a gun and I had to waste him." Defendant also told the officers that the sawed-off shotgun, which was in his possession at the time of his 20 February 1984 arrest on an unrelated matter, was the weapon used by Bass Pass to shoot Jack Zeck.

Defendant testified in his own behalf and offered an alibi witness. Both men testified that they were together in Raleigh for several hours on the evening of 22 November 1983. After driving to Durham, they learned that someone had been shot, but did not go to the scene of the crime because defendant's car would not start. Defendant testified that his earlier confession was untrue and that he did not even know Bass Pass. When questioned as to why he signed a confession indicating otherwise, defendant responded as follows: "There're several reasons behind that. The first reason is the law of the jungle, the law of nature. When someone drop [sic] a bomb on you, you push that bomb off of you and push it back to them, and that's what I did."

The jury returned verdicts of guilty of murder in the second degree and attempted armed robbery.

[1] Defendant contends that the trial court erred in denying his motion for a continuance on the grounds that the denial deprived him of his constitutional rights to a fair trial. By this assignment, defendant contends that he was deprived of the right to effective assistance of counsel, and the right to confront witnesses against him by the trial court's failure to grant a continuance upon defendant first learning the names and addresses of all the State's witnesses in the case against him.

"A motion for a continuance is ordinarily addressed to the sound discretion of the trial court. Therefore, the ruling is not reversible on appeal absent an abuse of discretion." *State v. Smith*, 310 N.C. 108, 111, 310 S.E. 2d 320, 323 (1984). However, if "a motion to continue is based on a constitutional right, then the motion presents a question of law which is fully reviewable on appeal." *Id.* at 112, 310 S.E. 2d at 323.

It is a long-standing rule in North Carolina that a criminal defendant does not have the right to discover in advance of trial the names and addresses of the State's prospective witnesses. *State v. Myers*, 299 N.C. 671, 263 S.E. 2d 768 (1980). Therefore, defendant was not entitled to a list of the State's witnesses prior to trial. The trial judge, after a hearing on the motion, stated that while the State was not required to furnish defendant the names of its witnesses prior to trial, the State would be required to provide the names prior to jury selection. The record discloses that this was done. Defendant has not shown how his case would have been better prepared had the continuance been granted or that he was materially prejudiced by the denial of his motion. *See State v. Harris*, 290 N.C. 681, 228 S.E. 2d 437 (1976). Under these circumstances, defendant has failed to show how either his right to effective assistance of counsel or his right to confront the witnesses against him was impaired by the denial of his motion to continue made at the time of trial.

[2]  Defendant next contends that the trial court erred in allowing the prosecutor, over defendant's objection, to place before the jury incompetent and prejudicial remarks not supported by the evidence. The assistant district attorney, in his closing argument to the jury, stated: "This gun is one of the reasons that I submit to you that you should believe that [defendant] was the person who killed Jack Zeck." Defendant contends that this statement is not a reasonable inference arising from the evidence presented and was calculated to mislead and prejudice the jury.

Counsel must be allowed wide latitude in his argument before the jury in hotly contested cases. *State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976). Counsel may argue to the jury "facts in evidence and all reasonable inferences to be drawn therefrom together with the relevant law so as to present his side of the case." *State v. Williams*, 314 N.C. 337, 358, 333 S.E. 2d 708, 722 (1985).

> Whether counsel abuses this privilege is a matter ordinarily left to the sound discretion of the trial judge, and we will not review the exercise of this discretion unless there be such gross impropriety in the argument as would be likely to influence the verdict of the jury. (Citations omitted.) Even so, counsel may not employ his argument as a device to place

before the jury incompetent and prejudicial matter by expressing his own knowledge, beliefs, and opinions not supported by the evidence. (Citations omitted.) It is the duty of the trial judge upon objection to censor remarks not warranted by the evidence or the law and, in cases of gross impropriety, the court may properly intervene, *ex mero motu.* (Citation omitted.)

*Id.* at 358, 333 S.E. 2d at 722. Here, the prosecutor's argument that the jury should believe that defendant "was the person who killed Jack Zeck" was within the bounds of the record evidence. All of the evidence showed that only two people were involved in the attempted armed robbery and assault which led to the murder charge. Defendant's written confession stating that he was a "wheelman" for Bass Pass placed defendant at the scene of the crime. Three eyewitnesses to the assault described the assailant as a tall, broad-shouldered, heavyset man, therefore resembling defendant's husky build rather than the slim physique of Bass Pass. Also, when defendant was arrested in connection with another matter, he was in possession of a sawed-off shotgun which he identified as the weapon that was used to murder Jack Zeck. The prosecutor's argument that defendant killed Jack Zeck was a reasonable inference to be drawn from the evidence. Therefore, the argument was not improper.

[3] Lastly, defendant contends that the trial court erred in instructing the jury that defendant could be found guilty of either perpetrating the murder himself or of aiding and abetting Bass Pass in the perpetration thereof. Defendant argues that the evidence at trial did not support this instruction and that the trial judge at the jury instruction conference did not inform defense counsel that he would give such an instruction.

"The trial judge must, without special request, charge the law applicable to the substantive features of the case arising on the evidence and apply the law to the essential facts of the case." *State v. Benton,* 299 N.C. 16, 23, 260 S.E. 2d 917, 922 (1980). N.C.G.S. § 15A-1232 at the time of defendant's trial,[1] required

---

1. The statute was amended, effective 1 July 1985, to provide that the judge "shall not be required to state, summarize or recapitulate the evidence, or to explain the application of the law to the evidence." 1985 N.C. Sess. Laws ch. 537, § 1.

that "[i]n instructing the jury, the judge must declare and explain the law arising on the evidence . . . ." As discussed earlier in this opinion, there was evidence presented at trial from which it could be reasonably inferred that defendant was in fact the actual perpetrator of the murder. This was a feature of the case arising on the evidence. Therefore, the judge properly instructed thereon. We have carefully reviewed the transcript of the jury instruction conference and we find nothing therein to indicate that defense counsel was misled as to the matters on which the judge would instruct. We therefore reject defendant's third assignment of error.

Defendant received a fair trial free from prejudicial error.

No error.