BOBBY DEAN RUCKER AND WIFE, JAQUITHA MELISSA HUSKEY RUCKER, PLAINTIFFS v. TED HUFFMAN AND WIFE, GINGER N. HUFFMAN, DEFENDANTS

No. 8927DC982

(Filed 19 June 1990)

1. **Contracts § 21.2 (NCI3d) — house built by defendant — water accumulation underneath — breach of contract**

    The trial court did not err in concluding that defendant breached a contract with plaintiffs to correct a problem with water accumulation under a house built by defendant and sold to plaintiffs.

    **Am Jur 2d, Contracts §§ 375, 377; Vendor and Purchaser §§ 330, 332.**

2. **Contracts § 29.2 (NCI3d) — house built by defendant — breach of contract — award of damages proper**

    In an action for breach of contract to correct a water accumulation problem under a house built by defendant and sold to plaintiffs, the trial court's unchallenged finding as to cost of repair was sufficient to support its conclusion as to an award of damages.

    **Am Jur 2d, Damages § 420.**

3. **Unfair Competition § 1 (NCI3d) — house built by defendant — water accumulation underneath — misrepresentation by defendant — inadequate repair — unfair or deceptive trade practice**

In an action to recover for breach of contract to correct a water accumulation problem under a house built by defendant and sold to plaintiffs, the trial court did not err in concluding that defendant's actions constituted an unfair or deceptive trade practice where the record revealed that defendant was a licensed contractor; he represented that the problem with water standing under the house was small when in fact it was quite significant; and defendant's sole attempt to repair the problem was unsuccessful and defendant refused to attempt further repairs. N.C.G.S. § 75-1.1.

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices § 696.**

APPEAL by defendant Ted Huffman from judgment entered 18 April 1989 in CLEVELAND County District Court by *Judge George W. Hamrick*. Heard in the Court of Appeals 7 March 1990.

On 21 January 1987 plaintiffs entered into a contract with defendants for the sale of a house and lot in a subdivision near Kings Mountain, North Carolina. The house was being constructed by defendant Ted Huffman. Prior to purchase, defendant Ted Huffman told plaintiffs that there was a small problem of water coming under the house, but that he would take care of it and that it was not anything major. Plaintiffs moved into the house in March 1987 and after the first rain they observed a foot and a half of water standing under the house. Defendant made one attempt to fix the problem; however, water continues to accumulate under the house and stands on the surface for several days after each rain.

Following a non-jury trial, defendant Ginger Huffman was dismissed as a party to the action and plaintiffs were awarded $1,500.00 in damages against defendant Ted Huffman for breach of contract, trebled for unfair trade practices. Defendant Ted Huffman appeals.

*Hamrick, Mauney, Flowers & Martin, by Fred A. Flowers, for plaintiff-appellees.*

*Brenda S. McLain for defendant-appellant.*

RUCKER v. HUFFMAN

[99 N.C. App. 137 (1990)]

WELLS, Judge.

In his first two assignments of error defendant argues that the trial court erred in finding sufficient evidence of breach of contract and in finding that there was sufficient evidence to support an award of damages. We note initially that defendant has not excepted to any of the trial court's findings of fact. It is settled law that findings of fact not excepted to are conclusive on appeal; therefore, the sufficiency of the evidence is not before us in this case. *In re Caldwell*, 75 N.C. App. 299, 330 S.E.2d 513 (1985). Pursuant to App. R. 10(a), our scope of review is limited to whether the findings of fact support the conclusions of law and whether the judgment is supported by the findings and conclusions.

[1] Defendant first argues that the trial court erred in finding that defendant breached a contract with plaintiffs to correct a problem with water accumulating under plaintiffs' house. The exception on which this assignment of error is based is actually and correctly labeled a conclusion of law. Accordingly, we limit our review to whether the findings support this conclusion.

In determining that defendant had breached his duty to repair the water problem associated with plaintiffs' house the trial court found the following:

2. That the defendant, Ted Huffman, is a licensed contractor . . . [and that he and his wife] executed a deed to the plaintiffs for Lot No. 11, Block "A" in Williamsburg Subdivision area near Kings Mountain, . . . .

3. That the defendants entered into a Contract of Sale of a residence located on the lot referred to above to the plaintiffs, and that [the] transaction and loan was [sic] closed about March 16, 1987.

4. That the defendant, Ted Huffman, told the plaintiffs that there was a small water problem with the lot and foundation but that he would fix it, . . . .

5. That after the sale of the house, water continued [sic] to accumulate under the house and stands on the surface for several days following each rain and that it has been doing so for about a year. . . .

6. That the water came in on the east side and ran to the west side and puddles up and at times the plaintiff has to

siphon water from under his house and uses three water hoses to siphon the water.

. . .

8. That after closing the sale, the plaintiff notified the defendant and complained about the water problem under the house.
. . .

In addition to these findings the trial court "concluded" that defendant had not repaired and remedied the water problem. This conclusion, more accurately labeled a finding of fact, in combination with the other findings, supports the trial court's conclusion of law that defendant breached his duty to repair the water problem as promised. This assignment of error is overruled.

[2] Defendant also contends that there is insufficient evidence to support an award of damages. We disagree. In addition to the findings of fact previously listed, the trial court also found that "the cost of making repairs to the house to prevent the water from puddling under it is about $1,500." Again, defendant has not challenged *any* of the trial court's findings, including this one. Consequently, it is binding on appeal. The court's unchallenged finding as to cost of repair is sufficient to support its conclusion as to an award of damages. This assignment is overruled.

[3] In his final assignment of error defendant contends that the trial court erred in concluding that defendant's actions constituted an unfair or deceptive trade practice in violation of N.C. Gen. Stat. § 75-1.1 (1988). We disagree.

The plaintiffs alleged in their second cause of action that defendant knew at the time the residence was delivered and surrendered to the plaintiffs that a water problem existed and that defendant had represented to plaintiffs that the residence was without substantial defect. The plaintiffs further alleged that the representation that the residence was without substantial defect amounted to bad faith and that the transaction was an unfair trade practice.

G.S. § 75-1.1(a) declares unlawful ". . . unfair or deceptive acts ·or practices in or affecting commerce. . . ." Whether a trade practice is unfair or deceptive usually depends on the facts of each case and the impact the practice had in the marketplace. *Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E.2d 610 (1980). The

terms "unfair" and "deceptive" are not defined in the statute; however, prior decisions of our Supreme Court have established what, as a matter of law, constitutes an unfair or deceptive trade practice. *Id.* (Noting that similarity in language between Section 5(a)(1) of the Federal Trade Commission Act and G.S. § 75-1.1 makes reliance on federal decisions interpreting the Act appropriate for guidance in construing our statute.) *See also Marshall v. Miller,* 302 N.C. 539, 276 S.E.2d 397 (1981). The Court in *Johnson* also notes that the language of the statute contemplates two distinct grounds for relief and that while an act or practice which is unfair may also be deceptive, or vice versa, it need not be so in order for there to be a violation. *Johnson, supra.* Finally, bad faith on the part of defendant is irrelevant in an alleged violation of G.S. § 75-1.1. *Marshall, supra.* It is the effect of defendant's conduct on the consuming public, and not his intent, that is the relevant consideration for the court. *Id.*

Defendant first contends that his conduct is not within the scope of G.S. § 75-1.1. We disagree. Defendant argues that the sale of the residence in this case was a transaction between private parties and did not involve trade or commerce within the context of the statute. While it is true that private parties involved in the sale of a residence do not come within the purview of this statute, *Robertson v. Boyd,* 88 N.C. App. 437, 363 S.E.2d 672 (1988), residential developers are clearly involved in trade or commerce and are subject to claims of unfair trade practices. *See, e.g., Overstreet v. Brookland, Inc.,* 52 N.C. App. 444, 279 S.E.2d 1 (1981) (conduct of residential subdivision developers is within scope of G.S. § 75-1.1). The record in this case reveals that defendant is a licensed contractor and that he built the residence that he sold to plaintiffs. For the purposes of G.S. § 75-1.1 defendant's conduct is within the scope of the statute.

Defendant also contends that the facts in this case do not rise to the level of a deceptive or unfair trade practice. He asserts that because he disclosed to plaintiffs that there was a small problem with water coming under the house that plaintiffs were not deceived.

The trial court concluded that defendant had violated the statute's prohibition against unfair or deceptive trade practices by making a deceptive and fraudulent statement at the time the residence was sold. Our Supreme Court has determined that as

**RUCKER v. HUFFMAN**

[99 N.C. App. 137 (1990)]

contemplated by Chapter 75 the concept of unfairness is broader than and includes the concept of deception. *Johnson, supra.* Here the trial judge found that defendant's conduct was deceptive. As we have previously noted, however, it is not necessary that an act or practice be *both* unfair *and* deceptive in order to be violative of the statute. *Id.* In determining whether a representation is deceptive, its effect on the average consumer is considered, and proof of actual deception is not required. *Id.* If a practice has the capacity or tendency to deceive, it is deceptive for the purposes of the statute. *Id.* Generally, a consumer need only show that an act or practice possessed the tendency or capacity to mislead, or created the likelihood of deception, in order to establish an unfair or deceptive act under G.S. § 75-1.1. *Marshall, supra, citing Johnson, supra.*

In this case the trial court found the following: Defendant, a licensed contractor and builder of the residence in question, represented to the plaintiffs that there was a small water problem with their lot and foundation, but that defendant would fix it. Plaintiffs, relying on this statement, proceeded with the purchase of the house and lot. Rather than water being a small problem, the record shows that the water accumulates under plaintiffs' house in significant amounts and stands on the surface for several days following each rain. Defendant's sole attempt to repair the problem was unsuccessful and defendant refuses to attempt further repairs. Based on these facts, the trial court concluded that defendant's actions violated the statute. Clearly, defendant's representation that the problem with water standing under the house was small when, in fact, it was quite significant, had the capacity or tendency to mislead the average consumer.

The purpose of G.S. § 75-1.1 is consumer protection. Our courts have previously stated that the statute applies to dealings between buyers and sellers at all levels of commerce and was enacted because no other legal remedies were adequate or effective in dealing with this type of problem. *See generally United Virginia Bank v. Air-Lift Associates, Inc.,* 79 N.C. App. 315, 339 S.E.2d 90 (1986). (Citations omitted.) We hold that the trial court's finding of a deceptive trade practice and its award of treble damages should be affirmed.

For the reasons stated, we find no error in the trial below.

No error.

Judges COZORT and LEWIS concur.