An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-407

NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

IN THE MATTER OF:

K.A.D.,                               Jackson County
Minor Child                           No. 05 JT 28

Appeal by Respondent mother from order entered 13 January 2014 by Judge Roy Wijewickrama in Jackson County District Court. Heard in the Court of Appeals 18 August 2014.

> *Mary G. Holliday for Petitioner-Appellee Jackson County Department of Social Services.*

> *Appellate Defender Staples S. Hughes, by Assistant Appellate Defender J. Lee Gilliam for Respondent-Appellant mother.*

> *Troutman Sanders LLP, by Gavin B. Parsons, Raleigh, for guardian ad litem.*

DILLON, Judge.

Respondent mother appeals from the order terminating her parental rights to the juvenile K.A.D, contending the trial

court erred in concluding two grounds existed to terminate her parental rights and in determining it was in the juvenile's best interests to terminate her parental rights. We affirm.

The history of social services' involvement with the juvenile's parents dates back to 1999. The Jackson County Department of Social Services ("DSS") first intervened on behalf of the juvenile K.A.D. in September of 2004 after receiving a report of a dispute between the parents that resulted in the father abandoning Respondent by the side of a highway. When police assisted Respondent, she did not know where the juvenile was and admitted she had been using drugs. Both parents continued using drugs after this incident.

On 7 June 2005, DSS filed a petition alleging the juvenile was abused and neglected. On 16 September 2005, the trial court entered an order adjudicating the juvenile neglected and placed the juvenile in the custody of her paternal step-grandmother. By a consent order entered 20 April 2006, the parents regained custody of all three of their children, including the juvenile. The juvenile resided with the parents from 2006 to 2011.

In February and March of 2011, DSS received reports that the parents' problems with domestic violence and drug abuse had resurfaced. On 11 March 2011, the juvenile and one of the

parents' other children were placed in kinship care. DSS substantiated the reports of domestic violence and substance abuse on 15 March 2011. On 19 April 2011, the parents agreed to a Family Services Agreement requiring them to provide safe and stable housing for the children and a sober adult caretaker at all times, to abstain from engaging in physical violence in the presence of the children, to participate in substance abuse treatment, and to allow DSS to conduct home visits. The parents nonetheless continued to engage in domestic violence and substance abuse, and Respondent violated her probation. The juveniles were placed in non-secure custody.

On 20 September 2011, the trial court entered a consent order adjudicating the juvenile and the other children neglected. At disposition, the court ordered Respondent to submit to drug screens and refrain from substance abuse; allow DSS into her home; submit to mental health and substance abuse assessments and follow any recommendations; complete parenting classes; participate in the juveniles' therapy and counseling as requested; refrain from engaging in domestic violence; maintain adequate housing and income; and participate in family counseling, visitation following her release from prison, and intensive home services.

The juvenile and the other two children were placed in a trial home placement, which was disrupted when the parents resumed using controlled substances and engaging in domestic violence. After a 14 February 2013 hearing, the permanent plan for the juvenile was changed to adoption. On 26 April 2013, DSS filed a petition to terminate Respondent's parental rights based on neglect (N.C. Gen. Stat. § 7B-1111(a)(1) (2013)) and willful failure to make reasonable progress (N.C. Gen. Stat. § 7B1-1111(a)(2) (2013)).

The matter came on for hearing on 18 November 2013. On 13 January 2014, the trial court entered an order terminating Respondent's parental rights. The trial court concluded that the juvenile was neglected, Respondent had failed to make reasonable progress, and termination of Respondent's parental rights was in the juvenile's best interests. Respondent now appeals.

In her first two arguments, Respondent challenges the trial court's conclusions that grounds existed to terminate her parental rights pursuant to N.C. Gen. Stat. §§ 7B-1111(a)(1) and (2). At the adjudicatory stage of a termination of parental rights hearing, the burden is on the petitioner to prove by clear, cogent, and convincing evidence that at least one ground

for termination exists.  N.C. Gen. Stat. § 7B-1109(f) (2013); *In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001).  Our review on appeal is limited to determining whether clear, cogent, and convincing evidence exists to support the findings of fact, and whether the findings of fact support the conclusions of law.  *In re Huff*, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), *appeal dismissed*, *disc. review denied*, 353 N.C. 374, 547 S.E.2d 9 (2001).

"When the trial court is the trier of fact, the court is empowered to assign weight to the evidence presented at the trial as it deems appropriate."  *In re Oghenekevebe*, 123 N.C. App. 434, 439, 473 S.E.2d 393, 397 (1996).  "[F]indings of fact made by the trial court . . . are conclusive on appeal if there is evidence to support them."  *In re H.S.F.*, 182 N.C. App. 739, 742, 645 S.E.2d 383, 384 (2007) (internal marks omitted). "[W]here no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal . . . ."  *In re S.D.J.*, 192 N.C. App. 478, 486, 665 S.E.2d 818, 824 (2008) (internal marks and citation omitted).

Although the trial court concluded two grounds existed to terminate Respondent's parental rights, we find it dispositive

that the evidence supports termination of her parental rights based on neglect. *See In re Humphrey*, 156 N.C. App. 533, 540-41, 577 S.E.2d 421, 426-27 (2003) (finding only one statutory ground necessary to support termination of parental rights).

N.C. Gen. Stat. § 7B-101(15) (2013) defines a neglected juvenile as one "who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker . . . ." *See also* N.C. Gen. Stat. § 7B-1111(a)(1) (2013) (providing for the termination of parental rights based on neglect).

"Neglect must exist at the time of the termination hearing [.]" *In re C.W. & J.W.*, 182 N.C. App. 214, 220, 641 S.E.2d 725, 729 (2007). However, where "the parent has been separated from the child for an extended period of time, the petitioner must show that the parent has neglected the child in the past and that the parent is likely to neglect the child in the future." *Id.* Even then, "[i]t is not essential that there be evidence of culpable neglect following the initial adjudication." *In re Caldwell*, 75 N.C. App. 299, 302, 330 S.E.2d 513, 516 (1985). Our Supreme Court has held:

> [E]vidence of neglect by a parent prior to losing custody of a child – including an adjudication of such neglect – is admissible in subsequent proceedings to terminate

> parental rights. . . . However, termination of parental rights for neglect may not be based solely on conditions which existed in the distant past but no longer exist. . . . The determinative factors must be the best interests of the child and the fitness of the parent to care for the child at the time of the termination proceeding.

*In re Manus*, 82 N.C. App. 340, 348, 346 S.E.2d 289, 294 (1986) (internal marks and citations omitted).

In the present case, the trial court found the juvenile had previously been adjudicated neglected. Thus, the issue on appeal is whether its findings of fact support its conclusion that neglect was likely to be repeated in the future. Respondent contends that the trial court's findings of fact address conditions only as they existed in the distant past. We disagree.

The trial court found that Respondent had failed to address the domestic violence and substance abuse issues that instigated DSS's involvement with the family. While acknowledging that Respondent had made *some* progress on *parts* of her case plan, the trial court cited numerous instances where the juvenile was exposed to or affected by domestic violence between the parents, as well as Respondent's repeated failure to appear for drug screens, one refusal to submit to a drug screen, and two instances where drug screens yielded positive results, in

violation of the 20 September 2011 consent order. The trial court also made findings describing Respondent's unstable housing situation and her failure to secure steady employment.

In support of her argument that the trial court's findings only address the conditions as they existed in the distant past, Respondent relies on *In re C.C. & J.C.*, 173 N.C. App. 375, 618 S.E.2d 813 (2005) and *In re G.B.R.* __ N.C. App. __, 725 S.E.2d 387 (2012). In those cases the trial court's findings only addressed behavior that took place *years* prior to the termination hearing. *See G.B.R.*, __ N.C. App. at __, 725 S.E.2d at 392-93; *C.C. & J.C.*, 173 N.C. App. at 382, 618 S.E.2d at 818. In the present case, the trial court's findings addressed Respondent's specific acts and omissions as of May 2013, just a few months prior to the termination hearing. Moreover, the social worker's testimony at the termination hearing tended to show that Respondent avoided contact with DSS between June and October of 2013, just prior to the termination hearing, limiting the availability of any testimony regarding her behavior during the months leading up to the hearing. Accordingly, we hold that the evidence supports the trial court's findings of fact which, in turn, support the trial court's conclusion that the neglect was likely to be repeated.

Respondent next contends the trial court abused its discretion in concluding that termination of parental rights was in the juvenile's best interests. Rather than challenging the trial court's findings of fact, Respondent instead asserts that the trial court made its findings under a misapprehension of law, rendering its decision an abuse of discretion. We disagree.

Once the trial court has determined that a ground for termination exists, it moves to the disposition stage, determining whether termination is in the best interests of the juvenile. N.C. Gen. Stat. § 7B-1110(a) (2013). The trial court must consider the following factors in determining the best interests of the juvenile:

> (1) The age of the juvenile.
>
> (2) The likelihood of adoption of the juvenile.
>
> (3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
>
> (4) The bond between the juvenile and the parent.
>
> (5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
>
> (6) Any relevant consideration.

*Id.* The trial court must make written findings addressing the relevant factors. *In re J.L.H.*, __ N.C. App. __, __, 741 S.E.2d 333, 337-38 (2012). We review the trial court's decision for an abuse of discretion. *In re Anderson*, 151 N.C. App. 94, 98, 564 S.E.2d 599, 602 (2002).

In the present case, the trial court made detailed findings of fact addressing all of the relevant statutory factors. Respondent concedes as much in her brief. Respondent nevertheless points to the phrasing of one of the trial court's conclusions of law, claiming it demonstrates that the trial court applied an incorrect legal standard:

> 3. That it is in the best interest of the Juvenile for the parental rights of the Respondent Mother to be terminated. The Court can find no reason that the best interests of the Juvenile require that Respondent Mother's parental rights not be terminated.

(emphasis added). The second sentence of this conclusion is in substance a restatement of the first, and "[w]e will not presume error based on an [isolated] errant sentence," regardless. *Green v. Kelischek*, __ N.C. App. __, __, 759 S.E.2d 106, 114 (2014). Thus, the trial court's phrasing does not show that it misapprehended the law, particularly when read in the context of the rest of the dispositional portion of the termination order.

Accordingly, we find no abuse of discretion in the trial court's decision to terminate Respondent's parental rights.

AFFIRMED.

Judges HUNTER, Robert C. and DAVIS concur.

Report per Rule 30(e).